IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

CHARLENE FIELDER, and
HALIEGH AMON,

        Plaintiffs,

v.                                                                       No. CV 15-00699 WJ/LF

RONNY D HAYS, WILLIAM C. ARMIJO,
and JOHN DOES 1-10, in their individual capacities,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Leave to Amend Complaint (**Doc. 36**), filed March 14, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Plaintiffs' Motion for Leave to Amend Complaint is well taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

Plaintiffs Charlene Fielder ("Ms. Fielder") and her daughter, Haliegh Amon ("Ms. Amon"), resided at 1485B Bosquecito Road in Socorro County, New Mexico. On August 17, 2013, Defendant Ronny D. Hays ("Investigator Hays"), an investigator with the Seventh Judicial District Attorney's Office, signed and swore to the truth of a search warrant affidavit describing 1485A Bosquecito Road. In the search warrant, Investigator Hays swore that on August 15, 2013, he had been an observer on a flight searching for outdoor marijuana grows. Plaintiffs allege that Investigator Hays was able to locate an outdoor marijuana grow and determined the

longitudinal and latitudinal coordinates of the grow. After completing the flight, Plaintiffs allege that Investigator Hays located the property on maps filed with the Socorro County Assessor's Office, and found the physical address of the property for which he sought a warrant. Investigator Hays subsequently traveled to the northern end of Bosquecito Road and performed surveillance from the ground.

On August 19, 2013, eight to ten officers including Investigator Hays, Defendant William C. Armijo ("Deputy Armijo"), and Defendants John Does descended on Plaintiffs' residence at 1485B Bosquecito Road. Plaintiffs allege that the officers pounded on the front door, shouting that they had a warrant. Ms. Amon opened the door, and officers allegedly pointed their weapons at her, instructed her to get on the ground, and handcuffed her. Ms. Fielder entered the room and asked Defendants if they had a warrant to search the home. One officer responded that they did, but did not produce the warrant. Plaintiffs allege that as a female officer searched Ms. Amon, the officer's weapon rubbed against Ms. Amon's body, scaring her and causing her to believe it might misfire and injure her. Plaintiffs further allege that during the search of the residence, Defendants tore down a curtain in the home.

The Defendants subsequently searched 1485A Bosquecito Road, the adjacent residence, and filed a criminal complaint against the residents, alleging that approximately fifteen (15) marijuana plants were growing within a fenced yard east of the residence.

Plaintiffs' Complaint alleges four counts: Count I: violation of Plaintiffs' Fourth Amendment right to be free from unreasonable seizures; Count II: unlawful entry and search of Plaintiffs' residence in violation of the Fourth and Fourteenth Amendments; Count III: excessive use of force in violation of Ms. Amon's Fourth and Fourteenth Amendment rights; and Count IV: a variety of state tort claims, including battery, false imprisonment, and violation of property

rights.

Plaintiffs filed a Motion for Leave to Amend Complaint (**Doc. 36**) on March 14, 2016. Defendants filed a Response in Opposition to Plaintiffs' Motion (**Doc. 38**) on March 28, 2016. Plaintiffs filed their Reply (**Doc. 41**) on April 11, 2016.

## LEGAL STANDARD

Outside of amending within twenty-one (21) days of serving the complaint, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. *See* FED. R. CIV. P. 15(a)(2). Rule 15(a) states that leave shall be freely given when justice so requires. *Id*. However, if the court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, a court may deny leave to amend. *See Foman v. Davis*, 371 U. S. 178, 182 (1962). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

Under Federal Rule of Civil Procedure 8(a), a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (citation omitted); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that a plaintiff's complaint must set forth more than a threadbare recital "of the elements of a cause of action, supported by mere conclusory statements"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545 (citation omitted).

Thus, a plaintiff's complaint is subject to dismissal if it fails to contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010) (citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiffs' original Complaint included ten "John Does' who had not yet been identified. At a status conference on January 5, 2016, Plaintiffs indicated that they were awaiting discovery regarding the other persons present during the search of Plaintiffs' residence, and that they would seek to amend their Complaint once they received the names of any other persons present. On February 2, 2016, Deputy Armijo submitted responses to Plaintiffs' discovery requests, naming Ed Sweeney, Jaime Dominguez, and Miranda Serna as present during the search of Plaintiffs' residence. Plaintiffs allege that the information identified through discovery constitutes good cause for granting leave to amend Plaintiffs' Complaint under Federal Rules of Civil Procedure 15 and 16. Plaintiffs cite to *Enymotec Ltd. v. NBTT, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) for the proposition that an amending party showed good cause when it moved to amend nine months after the scheduling order deadline, but less than two months after learning of new information to include in their complaint. Plaintiffs argue that while the evidence providing grounds for amendment in this case was not disclosed until after the deadline to amend, Plaintiffs have displayed due diligence in seeking this amendment once they received the new evidence.

In opposing the Motion, Defendants argue that there is no basis for adding Defendant Ed Sweeney ("Deputy Sweeney"), a Socorro County Deputy, to the Complaint. Defendants apparently do not take issue with the addition of Jaime Dominguez and Miranda Serna to the

Amended Complaint, but argue that Plaintiffs' counsel received the investigative file of the search of 1485A Bosquecito Road on October 28, 2015. Defendants argue that the investigative file, attached to their Response, showed the involvement of Deputy Sweeney in the execution of the warrant. Thus, Defendants argue that there is an absence of good cause, as Plaintiffs had the information to add Deputy Sweeney to their original Complaint as early as October 28, 2015. Defendants argue that *Enymotec*, cited by Plaintiffs, was a unique case in which delayed discovery and settlement negotiations deferred the plaintiff's ability to discover facts. The Second Circuit differentiated the circumstances of *Enymotec* from a more typical case, ruling that *Enymotec* was distinguishable and that the district court acted within its discretion in concluding that a three-month failure to move for amendment after learning defendants' names failed to demonstrate the diligence necessary to satisfy Rule 16. *See Gullo v. City of New York*, 540 F. App'x 45, 46–47 (2d Cir. 2013).

Defendants further argue that the search warrant affidavit was executed only by Investigator Hays and Deputy Armijo, and that no other Socorro County Deputy had anything to do with obtaining the warrant. Finally, Defendants argue that Plaintiffs' proposed pleading contains no specific factual allegations regarding Deputy Sweeney.

In their Reply, Plaintiffs argue that *Gullo* does not apply, as Plaintiffs' only obtained the new information one month prior to filing their Motion for Leave to Amend, unlike the plaintiff in *Gullo* which delayed for three months. Plaintiffs argue that the investigative file only references the search conducted on 1485A Bosquecito Road, and does not mention the alleged incorrect entry into Plaintiffs' residence at 1485B Bosquecito Road. While the investigative file does mention Deputy Sweeney, it does not clarify which residence he entered or his role in the search. Plaintiffs' Complaint only seeks relief for actions that occurred in Plaintiffs' residence.

As Plaintiffs received the discovery responses on February 2, 2016, Plaintiffs have demonstrated good cause to amend their Complaint given the relatively short period of delay.

As to the Defendants' argument that Plaintiffs' pleadings contain no specific factual allegations, Plaintiffs argue that the Proposed Amended Complaint alleges that Deputy Sweeney was among those persons that invaded Plaintiffs' residence without a warrant, pointed weapons at Plaintiffs as they entered the home, personally assisted in searching the residence, and along with other officers, failed to produce a valid warrant when Ms. Fielder requested one. Plaintiffs argue that this alleges with sufficient particularity Deputy Sweeney's involvement.

The Court finds that Plaintiffs have shown sufficient good cause and due diligence providing grounds to permit amendment of their Complaint.  Defendants' main contention is that they provided Plaintiffs with the Socorro County Sherriff's Department investigative file of the search of the 1485A Bosquecito Residence on October 28, 2015, and thus, Plaintiffs should have known of Deputy Sweeney's involvement. The investigative file attached to Defendants' Response contains a report by Deputy Armijo describing the discovery of marijuana at the residence of Robert and Tara Janas, a state of New Mexico incident report describing interviews with Robert and Tara Janas, and a Forensic Laboratory Evidence Receipt.  Deputy Armijo's Supplemental Report states: "Investigator Hays advised me that he had in his possession a search warrant for the property located at 1886 Pueblitos Road in Socorro County. At approximately 1030 hours, on August 19, 2013, the search warrant was executed by multiple officers including Investigator Hays, Chief [Deputy] Edmond Sweeney of the Socorro County Sheriff's Department and I. Upon arrival at 1486 Pueblitos Road Officers encountered three adult females . . . ." (**Doc. 38-1**). Defendants argue that based on this information, Plaintiffs should have known that Deputy Sweeney was involved in the search of Plaintiffs' residence and therefore

added Deputy Sweeney to their original Complaint. Yet the investigative file contains no information whatsoever regarding the search of Plaintiffs' residence at 1485B Bosquecito Road. Thus, Defendants ask Plaintiffs to assume that because Deputy Sweeney was involved in one search, he must have been involved in another search. Moreover, the reports within the investigative file confusingly reference the search occurring at 1886 Pueblitos Road, 1486 Pueblitos Road, 1467 Bosquecito Road, 1485 Bosquecito Road, and 1485A Bosquecito Road. The Court finds that Plaintiffs more properly waited until Defendants affirmatively stated that Deputy Sweeney was involved in the search of Plaintiffs' residence rather than add Deputy Sweeney to their Complaint merely based upon a hunch or assumption.

The Court further finds that Plaintiffs have properly satisfied the pleading requirements by alleging that Deputy Sweeney was among those persons who entered Plaintiffs' residence without a warrant, allegedly pointed a weapon at Plaintiffs upon entering the home, assisted in searching the residence, and along with other officers, failed to produce a valid warrant when Ms. Fielder requested one. Additionally, the Court finds that Plaintiffs' relatively short period of delay between February 2, 2016, the date they learned the names of others involved in the search, and March 14, 2016, the date they filed their Motion for Leave to Amend, justifies amendment. Finally, the Court fails to see any prejudice to Defendants by allowing Plaintiffs to amend their complaint.

Accordingly, the Court finds that Plaintiffs' Motion for Leave to Amend Complaint is well taken, and therefore **GRANTED**.

    **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE