IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLENE FIELDER and
HALEIGH AMON,

        Plaintiffs,

v.                                                               No. CV 15-00699 WJ/LF

RONNY D. HAYS, WILLIAM C. ARMIJO,
ED SWEENEY, JAIME DOMINGUEZ, and
MIRANDA SERNA, in their individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTI NG
## STATE AND COUNTY DEFENDANTS' MOTION TO STRIKE
## THE AFFIDAVIT OF GARRY AINSWORTH

THIS MATTER comes before the Court upon Defendants Ronny D. Hays, Jaime

Dominguez, and Miranda Serna's ("State Defendants") Motion to Strike the Affidavit of Garry

Ainsworth (**Doc. 64**), filed June 24, 2016, as well as Defendants William Armijo and Ed

Sweeney's ("County Defendants") Opposed Motion to Strike Affidavit of Ainsworth (**Doc. 65**),

filed June 29, 2016. Having reviewed the parties' written arguments and the applicable law, the

Court finds that the State Defendants' and County Defendants' Motions are well-taken, and

therefore **GRANTED**, as herein described.

### BACKGROUND

On June 15, 2016, Plaintiffs Charlene Fielder and Haleigh Amon filed a Response in

Opposition to County Defendants' Motion for Summary Judgment (**Doc. 61**). An affidavit by

Garry Ainsworth ("Mr. Ainsworth"), along with his Curriculum Vitae, was attached to the

Response. Plaintiffs' Response in Opposition to State Defendants' Motion for Summary Judgment (**Doc. 62**) also refers to the County Defendants' Response filed with Mr. Ainsworth's attached affidavit. Mr. Ainsworth's affidavit refers to nine exhibits which were lodged with the Court on June 15, 2016 (**Doc. 60**). The affidavit describes Mr. Ainsworth's familiarity with GPS devices, as well as a description of each of the lodged exhibits: (1) Mr. Ainsworth's Curriculum Vitae; (2) a photocopy of a portion of a Socorro County Parcel Map with 911 data; (3) a second photocopy of a Socorro County Parcel Map with 911 data; (4) a photograph of a Garmin GPS unit with coordinates displayed; (5) a photograph depicting the approximate location where those coordinates were obtained; (6) a second photograph of a Garmin GPS unit with different coordinates; (7) a second photograph depicting the approximate location where those coordinate were obtained; (8) GPS coordinates plotted on a Google Earth map; and (9) the affidavit for search warrant.

The State Defendants filed a Motion to Strike (**Doc. 64**) on June 24, 2016. The County Defendants similarly filed a Motion to Strike (**Doc. 65**) on June 29, 2016. Plaintiffs filed a Response (**Doc. 68**) on July 7, 2016. The County Defendants filed a Reply (**Doc. 70**) on July 20, 2016. The State Defendants filed a Notice of Joinder in County Defendants' Reply (**Doc. 71**) on July 21, 2016.

## DISCUSSION

Pursuant to the Order Setting Case Management Deadlines and Discovery Parameters (**Doc. 19**), the deadline for Fed. R. Civ. Pro. 26(a)(2) expert disclosure was February 1, 2016. Prior to submitting the affidavit of Garry Ainsworth, Plaintiffs did not name him as either a lay witness or expert witness. The crux of Defendants' argument is that Mr. Ainsworth's affidavit is an expert opinion based upon his experience in law enforcement and private investigation. In this

case, Magistrate Judge Laura Fashing ordered that Plaintiffs had until February 1, 2016 to comply with their expert disclosure obligations. Defendants argue that Mr. Ainsworth's affidavit was not made until after the February 1, 2016 expert disclosure deadline, after the April 25, 2016 discovery deadline, and after the May 26, 2016 dispositive and *Daubert* motion deadline. Defendants conclude that the Court should strike the proposed witness, as it appears Mr. Ainsworth's affidavit attempts to create an issue of fact at the summary judgment stage.

Plaintiffs argue that Mr. Ainsworth's affidavit offers no expert opinion and describes actions that could have been undertaken by any person, just as Defendant Ronny D. Hays ("Investigator Hays"), who took similar actions, is not disclosed as an expert in this case. Thus, Mr. Ainsworth's actions fall within the meaning of Fed. R. Evid. 701, which permits opinion testimony by lay witnesses. Plaintiffs additionally argue that the testimony would be relevant as rebuttal and impeachment evidence regarding Defendants' motions for summary judgment. Plaintiffs conclude that insofar as the disclosure is untimely, Defendants would suffer little prejudice and any prejudice may be ameliorated through supplemental witness disclosures or by reopening discovery to permit Defendants to depose Mr. Ainsworth.

The Court strikes Mr. Ainsworth's affidavit and his affidavit will not be used by this Court to reach a determination on either of the Motions for Summary Judgment currently pending. First, the Court finds that Mr. Ainsworth is being offered as an expert, and not as a lay witness providing opinion testimony as Plaintiffs argue in their Response[1]. Mr. Ainsworth had no personal knowledge of the subject matter or the facts and circumstances of the litigation until

---

[1] Even if Mr. Ainsworth's proffered testimony is not expert opinion testimony, Mr. Ainsworth's proffered testimony likely would not qualify as opinion testimony by a law witness under Rule 701 because Mr. Ainsworth has no personal knowledge of the facts and circumstances of this case and thus, Plaintiffs likely would not be able to lay a foundation for Mr. Ainsworth to testify as a lay witness. Stated another way, the Court would sustain Defendants' objections on the basis that Mr. Ainsworth has no personal knowledge of the facts and circumstances in this case and thus his testimony as a lay witness would be nothing more than impermissible speculation by a lay witness.

he traveled to the property at the request of Plaintiffs' counsel. The inclusion of his Curriculum Vitae noting his law enforcement and investigative experience further indicates Mr. Ainsworth is being offered as an expert. Second, the Court finds that Plaintiffs have failed to comply with their obligation to timely disclose witnesses, whether expert or not. The Court disagrees with Plaintiffs that their failure to disclose Mr. Ainsworth was substantially justified or harmless. Plaintiffs argue that Mr. Ainsworth was offered as a witness on June 15, 2016 in order to provide an appropriate and timely rebuttal to Defendants' Motions for Summary Judgment, namely as impeachment of Investigator Hays' statements in his affidavit for search warrant. Yet not only have Plaintiffs been in possession of the affidavit for search warrant for a substantial amount of time, Plaintiffs' original Complaint (**Doc. 1**), filed August 10, 2015, alleged that the search warrant failed to describe Plaintiffs' residence and that Investigator Hays knew or should have known that the marijuana plants were not located near Plaintiffs' residence. Thus, from the beginning, Plaintiffs were aware that the specific location of the residences, including the GPS coordinates (which Investigator Hays partially relied upon in his affidavit for search warrant), would be a central issue in the litigation. Nonetheless, Plaintiffs waited until after the close of discovery and after the filing of dispositive motions to obtain Mr. Ainsworth's affidavit. The Court finds that this disclosure is too late and clearly prejudicial to Defendants.

Therefore, the County Defendants' and State Defendants' Motions to Strike are **GRANTED** and the Affidavit of Mr. Ainsworth is **STRICKEN**.

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

4