IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

CHARLENE FIELDER and
HALEIGH AMON,

      Plaintiffs,

v.                       No. CV 15-00699 WJ/LF

RONNY D. HAYS, WILLIAM C. ARMIJO,
ED SWEENEY, JAIME DOMINGUEZ, and
MIRANDA SERNA, in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTI NG
## COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    THIS MATTER comes before the Court upon Defendants William C. Armijo and Ed

Sweeney's Motion for Summary Judgment (**Doc. 53**), filed May 25, 2016. Having reviewed the

parties' written arguments and the applicable law, the Court finds that the County Defendants'

Motion is well-taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

    This case concerns the execution of a search warrant by officers from both the Socorro

County Sherriff's Department and the New Mexico State Police Department.  Defendants

William C. Armijo and Ed Sweeney ("County Defendants") are Deputies with the Socorro

County Sheriff's Department. On August 19, 2013, the officers executed a search warrant on a

tract of property where Plaintiffs resided. The search revealed marijuana plants growing outside

a residence occupied by Robert Janas and Tara Janas. Neither Robert Janas nor Tara Janas is a

party in this case. The search also encompassed the residence occupied by Plaintiffs Charlene

Fielder ("Ms. Fielder") and Haleigh Amon ("Ms. Amon"). Plaintiffs' First Amended Complaint (**Doc. 44**), filed April 18, 2016, alleges four counts: Count I, a violation of Plaintiffs' Fourth Amendment rights to be free from unreasonable seizures; Count II, unlawful entry and search of Plaintiffs' residence in violation of the Fourth and Fourteenth Amendments; Count III, excessive use of force in violation of Ms. Amon's Fourth and Fourteenth Amendment rights; and Count IV, state tort claims under the New Mexico Tort Claims Act, N.M. STAT. ANN. § 41-4-1 (1978). Plaintiffs' first three counts arise under 42 U.S.C. § 1983. The County Defendants filed a Motion for Summary Judgment (**Doc. 53**) on May 25, 2016. Plaintiffs filed a Response (**Doc. 61**) on June 15, 2016. The County Defendants filed a Reply (**Doc. 66**) on June 29, 2016. The Court held a hearing on the Motion on August 9, 2016.

I.     Facts

On August 17, 2013, Defendant Ronny D. Hays ("Investigator Hays"), an investigator with the Seventh Judicial District Attorney's Office, signed and swore to the truth of a search warrant affidavit describing a tract of property in Socorro County. In the search warrant, Investigator Hays swore that on August 15, 2013, he had been an observer on a flight searching for outdoor marijuana grows. During the flight, he observed approximately fifteen (15) suspected marijuana plants located within a wooden fenced yard near a residence. Using the aircraft's navigational equipment, Investigator Hays recorded the property's latitude and longitude coordinates. After completing the flight, Investigator Hays located the property on maps filed with the Socorro County Assessor's Office. The Assessor's Office listed the physical address of the property as 1467 Bosquecito Road. Investigator Hays traveled to the area and located the driveway to the property. He subsequently contacted the New Mexico Department of Health Medical Marijuana Hotline and learned that no personal use production license was associated

with the address. Investigator Hays also contacted the New Mexico State Police and confirmed the location and address of the property through the 911 mapping system.  Investigator Hays' Affidavit for Search Warrant sought to search:

> "with-in the following described property, vehicles, residence, outbuildings it's curtilage and open fields located at 1467 Bosquecito Road, Latitude and Longitude 34:86:09 North 106:52:17 West, a 15.32 acre tract, containing a stucco colored residence with a green colored metal roof, the residence is situated in a north to south direction with the front door facing westward, there is a wooden fence around the yard to the east of the residence, there is a chicken coop located south of the wooden fence, there is another structure with a silver colored metal roof located west of the residence, a blue colored pickup truck, and any other vehicles on the property at the time of the execution of this warrant, in the county designated above . . . ."

### A. County Defendants' Facts

While Investigator Hays conducted the aerial surveillance and swore out the affidavit for the search warrant, the County Defendants did not obtain the search warrant at issue. The search warrant and affidavit were clear and accurate regarding the property to be searched and the reason for the search, and accurately described the building in which Plaintiffs resided; the only error was a ministerial mistake regarding the physical address. Plaintiffs did not own the property. Ms. Amon testified that during the search of Plaintiffs' residence, Defendant William C. Armijo ("Deputy Armijo") only stood by the door and told Ms. Fielder that the door should remain open.  Additionally, the only action that Defendant Ed Sweeney ("Deputy Sweeney") took was to ask Ms. Fielder if she had any drug paraphernalia, to which she admitted she did and handed him marijuana and a pipe. While the search of the property was conducted, Ms. Amon spent her time watching television. The County Defendants did not see any force used on Plaintiffs nor observe Plaintiffs in handcuffs.[1]

---

[1] The County Defendants' Statement of Facts also includes statements such as "there was simply no excessive force employed by anyone, but certainly not by these officers." As such statements are not facts but legal conclusions or opinions, the Court omits them from consideration.

3

B.        <u>Plaintiffs' Facts</u>

The search warrant and affidavit contained mistakes regarding the physical address, giving it alternately as 1467 Bosquecito Road and 148 Bosquecito Road, as well as mistakes in the latitude and longitude coordinates provided. The property located at 1467 Bosquecito Road is distinct from the property at 1485A Bosquecito Road where Plaintiffs reside. Plaintiffs have a separate mailing address from the Janas residence. The warrant describes only one "residence"— "a stucco colored residence with a green colored metal roof," referring to the Janas' home. Plaintiffs dispute that the "structure with a silver colored metal roof located west of the residence" referred to Plaintiffs' home, as Ms. Fielder testified that her roof is made of whitish tar paper and wood. Deputy Armijo stood as an armed guard at Plaintiffs' door for around thirty minutes and refused to close the door when Ms. Fielder said she had difficulty breathing. Additionally, Deputy Armijo made no attempt to provide Ms. Fielder with a copy of the warrant and stated that he would explain later when asked about the search warrant. Ms. Amon testified that both Deputy Armijo and Deputy Sweeney were present in the residence during the search.

**LEGAL STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted).  Once the movant meets this burden, Rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250. A mere "scintilla" of evidence will not avoid summary judgment. See *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). Rather, there must be sufficient evidence on which the fact finder could reasonably find for the non-moving party. *See Anderson*, 477 U.S. at 251.

That said, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999).

## DISCUSSION

The County Defendants present two main arguments as to why their Motion for Summary Judgment should be granted: Plaintiffs' 42 U.S.C. § 1983 claims should be dismissed on the basis of probable cause for the search and qualified immunity, and Plaintiffs' state tort claims should be dismissed on the basis of Plaintiffs' failure to establish a genuine issue of material fact. The Court addresses each argument in turn.

**A.     § 1983 Claims**

The County Defendants argue that Plaintiffs have failed to establish that either Deputy Armijo or Deputy Sweeney had any involvement whatsoever in obtaining the search warrant or

improperly restraining either Plaintiff. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). The County Defendants did not observe anyone restraining or touching the Plaintiffs. In addition, regardless of whether the search warrant contained an inadvertent error in the address, the search warrant described with sufficient particularity the premises to be searched. *See Harman v. Pollock*, 446 F.3d 1069, 1078–89 (10th Cir. 2006). Further, the County Defendants did not have any independent duty to examine the search warrant, as assisting officers are entitled to rely in good faith that the warrant is valid. *See Jenkins v. Wood*, 81 F.3d 988, 995–96 (10th Cir. 1996). The search at issue in this case did not even involve the "wrong" house being searched; rather, there were two residences in the immediate vicinity of the marijuana plants and both structures were adequately described in the search warrant.

Additionally, the County Defendants argue that Plaintiffs cannot establish the heavy two-part burden to overcome the defense of qualified immunity and show that first, the County Defendants' actions violated a constitutional right, and second, that those rights were clearly established. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). The County Defendants conclude that there was no constitutional violation of any kind, and even in the event that the Court found there to be, the County Defendants acted in an objectively reasonable manner under the circumstances and thus are entitled to qualified immunity.

In their Response, Plaintiffs argue that when multiple officers surround a plaintiff with their firearms drawn, and one officer mishandles the plaintiff, the other officers do not escape liability based on a lack of personal participation. *See Smith v. Kenny*, 678 F. Supp. 2d 1093, 1111 (D.N.M. 2009). Thus, the County Defendants may be held liable even if they did not personally shove Ms. Amon to the ground and handcuff her. As to the validity of the search warrant, Plaintiffs argue that the warrant used the incorrect address, utilized descriptions of the

6

wrong property, had incorrect and invalid GPS coordinates, and described only one residence yet the officers searched two. In this case, a reasonable searcher could not have identified the target property. *See Harman*, 446 F.3d at 1078 (internal citations omitted). Though the Janas property had marijuana growing behind a high wooden fence, Plaintiffs engaged in no such activity, had no access to the fenced-off area, and resided in a separate and distinct residence. Thus, if the warrant could be read to include the mobile home where Plaintiffs resided, it would be facially vague and overbroad. *See Jacobs v. City of Chicago*, 215 F.3d 758, 767 (7th Cir. 2000). As to their excessive force claims, Plaintiffs argue that the County Defendants have failed to offer authority for dismissal of Plaintiffs' excessive force claims. Plaintiffs note that the amount of force used should correspond to the severity of the crime committed, threats posed by the detainees, and the level of resistant the officers encounter. *See York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008). In this case, all factors indicate that the force used was disproportionate and excessive, as Plaintiffs were not resisting, not threatening, and had committed no offenses.

     Next, Plaintiffs argue that as to qualified immunity, the County Defendants had reason to know of at least some of the warrant's flaws because Investigator Hays advised them that they were searching a property at "1886 Pueblitos Road," yet they turned onto a road marked "Bosquecito Road." In *Harman*, the Tenth Circuit examined a search warrant allowing officers to search a detached garage. *See* 446 F.3d at 1078. When the officers entered, they realized that the garage was actually a residence, but executed the search warrant regardless. *See id*. at 1082. The Tenth Circuit held that the officers may have been entitled to qualified immunity for their initial entry, but were obligated to retreat once they realized the garage was a residence, and thus, the warrant was overbroad. *See id*. at 1083. In this case, the County Defendants entered the

incorrect property, the warrant never described Plaintiffs' residence, and the property was clearly a residence. Thus, Plaintiffs conclude that the County Defendants are not entitled to qualified immunity.

The Court finds that Plaintiffs have failed to establish that either Deputy Sweeney or Deputy Armijo personally participated in obtaining the search warrant or improperly restraining either of the Plaintiffs. Additionally, the Court finds that the County Defendants acted in an objectively reasonable manner under the circumstances and thus are entitled to qualified immunity.

At the outset, the Court finds that the search warrant and affidavit prepared by Investigator Hays was clear and accurate in describing the property to be searched and described with sufficient particularity the premises to be searched. The search warrant affidavit stated that the search was to include "a stucco colored residence with a green colored metal roof." This clearly refers to the Janas residence, next to which the marijuana plants were found. The search warrant affidavit also includes in the search "another structure with a silver colored metal roof located west of the residence." The Court finds that this clearly refers to the Plaintiffs' residence. The aerial surveillance video, lapel camera video, and aerial photography of the property all clearly indicate that Plaintiffs' residence is directly adjacent to the Janas' residence. While Plaintiffs contend that their roof is made of whitish tar paper and wood, after viewing the aerial surveillance video, the Court finds that given the distance from the building necessarily required while conducting surreptitious aerial surveillance, Investigator Hays accurately described the building in which Plaintiffs resided and the search warrant clearly included the house in question. From his aerial vantage point, Investigator Hays could not have known whether Plaintiffs' residence was an outbuilding or whether it was a residence. Thus, the Court finds that

the search warrant described Plaintiffs' residence with sufficient particularity. Regardless, the County Defendants did not have any independent duty to examine the search warrant, as assisting officers are entitled to rely in good faith that the warrant is valid. *See Jenkins v. Wood*, 81 F.3d 988, 995–96 (10th Cir. 1996). While Deputy Armijo's Supplemental Report (**Doc. 61-5**) indicated that Investigator Hays had a search warrant for a property located at 1886 Pueblitos Road, the Court does not find this to be strong evidence for the proposition that either the County Defendants or the State Defendants were searching a property other than the one described in the search warrant. Given the rural nature of the area where the tract of property was located and the lack of a displayed address on the driveway leading to the property, the County Defendants were not given specific notice that they were entering the incorrect property. Regardless, it is clear from the discovery of marijuana behind the Janas residence that the officers *were* at the correct property described by the search warrant.

Turning to Plaintiffs' excessive force claims, the Court finds that Plaintiffs cannot establish the two-part burden to overcome the defense of qualified immunity. Plaintiffs must show that the County Defendants both violated a constitutional right and that those rights were clearly established. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). Plaintiffs have not shown that the County Defendants' actions violated a constitutional right. The lapel video shows Deputy Armijo entering Plaintiffs' residence behind several other officers. Deputy Armijo stood by the door, told Ms. Fielder the door should remain open, and allowed her to step onto her porch in order to smoke a cigarette. From the lapel video, it appears that Deputy Sweeney later enters the residence and asks Ms. Fielder if she has any drug paraphernalia. Plaintiffs have not alleged that Deputy Armijo or Deputy Sweeney personally participated in any restraint or pat-down search of Ms. Amon. Rather, Plaintiffs appear to proceed on a failure to

9

intervene theory, in which officers have a duty to intervene when a citizen's constitutional rights are being violated in their presence. *See Smith v. Kenny*, 678 F. Supp. 2d 1093, 1111 (D.N.M. 2009). However, the Court agrees with the County Defendants that a warrant to search for contraband founded on probable cause carries with it the limited authority to detain the occupants of the premises while a proper search is conducted. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981). In this case, the officers properly obtained a warrant to search both the Janas' residence and the Plaintiffs' residence. Assuming Ms. Amon was briefly held in handcuffs, the County Defendants were under no obligation to intervene and prevent other officers from restraining Ms. Amon or conducting a pat-down search of her. Thus, the Court finds that the County Defendants are entitled to qualified immunity.

**B.    State Tort Claims**

The County Defendants argue that the New Mexico Tort Claims Act ("NMTCA") provides governmental entities and their employees with immunity from tort liability unless the Act specifically waives that immunity. The only applicable waiver for the intentional torts of battery, false imprisonment, and trespass claimed in Count IV of Plaintiffs' First Amended Complaint is for certain intentional torts committed by law enforcement. In order to state a tort claim under the waiver of immunity set out in § 41-4-12 of the NMTCA, Plaintiffs must demonstrate that the County Defendants were law enforcement officers operating within the scope of their duties, and that Plaintiffs' injuries arose out of an enumerated tort or a deprivation of a right secured by law. *See Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 916 P.2d 1313, 1316 (N.M. 1996). New Mexico defines battery as "the unlawful, intentional touching or application of force to the person of another." N.M. STAT. ANN. § 30-3-4 (1978). The County Defendants argue that Plaintiffs have not asserted that either Deputy Armijo or Deputy

Sweeney committed battery.  Further, there can be no false imprisonment or trespass pursuant to the execution of a valid search warrant, as there was here. *See Puller v. Baca*, 781 F.3d 1190, 1200 (10th Cir. 2015).  Thus, Plaintiffs' state law claims against the County Defendants must be dismissed.

In their Response, Plaintiffs argue that their First Amended Complaint is sufficient to invoke the waiver under the NMTCA, as Plaintiffs have argued that the County Defendants executed a facially invalid search warrant in violation of their rights.

The Court finds that the County Defendants did not participate in the execution of a facially invalid search warrant, and thus, Plaintiffs cannot establish that the County Defendants engaged in conduct in violation of the NMTCA. Additionally, the Court agrees with the County Defendants that Plaintiffs have not asserted that either Deputy Armijo or Deputy Sweeney committed battery, nor can there be there can be a valid false imprisonment or trespass claim pursuant to the execution of a valid search warrant.

## CONCLUSION

Accordingly, the Court finds that the County Defendants' Motion for Summary Judgment is well-taken, and therefore **GRANTED**.  Plaintiffs' claims against the County Defendants are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE