IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

CHARLENE FIELDER and
HALEIGH AMON,

      Plaintiffs,

v.                  No. CV 15-00699 WJ/LF

RONNY D. HAYS, WILLIAM C. ARMIJO,
ED SWEENEY, JAIME DOMINGUEZ, and
MIRANDA SERNA, in their individual capacities,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

   THIS MATTER comes before the Court upon Defendants Ronny D. Hays, Jaime Dominguez, and Miranda Serna's Motion for Summary Judgment (**Doc. 55**), filed May 26, 2016. Having reviewed the parties' written arguments and the applicable law, the Court finds that the State Defendants' Motion is well-taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

   This case concerns the execution of a search warrant by officers from both the Socorro County Sherriff's Department and the New Mexico State Police Department. Defendant Ronny D. Hays ("Investigator Hays") is an investigator with the Seventh Judicial District Attorney's Office. Defendants Jaime Dominguez ("Officer Dominguez") and Miranda Serna ("Officer Serna") are officers with the New Mexico State Police Department. Collectively, the three Defendants are hereinafter referred to as the "State Defendants." William Armijo and Ed Sweeney (collectively "County Defendants") are deputies with the Socorro County Sheriff's

Department.

On August 19, 2013, the officers executed a search warrant on property where Plaintiffs reside.[1] The search revealed marijuana plants growing outside a residence occupied by Robert Janas and Tara Janas. Neither Robert Janas nor Tara Janas is a party in this case. The search also encompassed the residence occupied by Plaintiffs Charlene Fielder ("Ms. Fielder") and Haleigh Amon ("Ms. Amon"). Plaintiffs' First Amended Complaint (**Doc. 44**), filed April 18, 2016, alleges four counts: Count I, a violation of Plaintiffs' Fourth Amendment rights to be free from unreasonable seizures; Count II, unlawful entry and search of Plaintiffs' residence in violation of the Fourth and Fourteenth Amendments; Count III, excessive use of force in violation of Ms. Amon's Fourth and Fourteenth Amendment rights; and Count IV, state tort claims under the New Mexico Tort Claims Act, N.M. STAT. ANN. § 41-4-1 (1978). Plaintiffs' first three counts arise under 42 U.S.C. § 1983. The State Defendants filed a Motion for Summary Judgment (**Doc. 55**) on May 26, 2016. Plaintiffs filed a Response (**Doc. 62**) on June 16, 2016. The State Defendants filed a Reply (**Doc. 63**) on June 24, 2016. The Court held a hearing on the Motion on August 9, 2016.

**I.     Facts**

On August 17, 2013, Investigator Hays signed and swore to the truth of a search warrant affidavit describing a tract of property in Socorro County. In the search warrant, Investigator Hays swore that on August 15, 2013, he had been an observer on a flight searching for outdoor marijuana grows. During the flight, he observed approximately fifteen (15) suspected marijuana plants located within a wooden fenced yard near a residence. Using the aircraft's navigational equipment, Investigator Hays recorded the property's latitude and longitude coordinates. After completing the flight, Investigator Hays located the property on maps filed with the Socorro

---

[1] The Court previously granted the County Defendants' Motion for Summary Judgment. *See* **Doc. 78**.

County Assessor's Office. The Assessor's Office listed the physical address of the property as 1467 Bosquecito Road. Investigator Hays traveled to the area and located the driveway to the property. He subsequently contacted the New Mexico Department of Health Medical Marijuana Hotline and learned that no personal use production license was associated with the address. Investigator Hays also contacted the New Mexico State Police and confirmed the location and address of the property through the 911 mapping system.  Investigator Hays' Affidavit for Search Warrant sought to search:

> "with-in the following described property, vehicles, residence, outbuildings it's curtilage and open fields located at 1467 Bosquecito Road, Latitude and Longitude 34:86:09 North 106:52:17 West, a 15.32 acre tract, containing a stucco colored residence with a green colored metal roof, the residence is situated in a north to south direction with the front door facing westward, there is a wooden fence around the yard to the east of the residence, there is a chicken coop located south of the wooden fence, there is another structure with a silver colored metal roof located west of the residence, a blue colored pickup truck, and any other vehicles on the property at the time of the execution of this warrant, in the county designated above . . . ."

A.   State Defendants' Facts

Officers executed the search warrant at approximately 10:13 a.m. on August 19, 2013. Investigator Hays and other officers executed the warrant at the Janas residence.  Ms. Fielder was aware that Robert Janas was growing marijuana on the property. Officers Dominguez and Serna assisted with the execution of the warrant at Plaintiffs' residence. Three officers entered Plaintiffs' residence prior to Officers Dominguez and Serna. The officers first encountered Ms. Amon and advised her that they had a search warrant and instructed her to raise her hands and lie on the floor.  Ms. Fielder entered the room and inquired why Ms. Amon was on the floor.  Ms. Fielder did not observe Ms. Amon handcuffed. Officer Dominguez did not point his weapon at Plaintiffs and did not see any other law enforcement officer force Ms. Amon to the floor or handcuff her. Officer Dominguez may have caused a bedsheet hanging over a door to become

partially detached, but the bedsheet was subsequently reattached. Officer Serna did not see Ms. Amon shoved or handcuffed, and did not point her weapon at Plaintiffs.  Officer Serna, a female, conducted a brief pat-down of Ms. Amon. Officer Serna had a rifle with a sling which was over her shoulder.  If the rifle touched Ms. Amon, it was inadvertent.  Following execution of the search warrant at the Janas residence, Investigator Hays briefly entered Plaintffs' residence.  He did not see either of the Plaintiffs touched or forced to the ground, nor did he see weapons pointed at them.  Plaintiffs' residence was the structure with the silver metal roof described in the Affidavit for Search Warrant.  Plaintiffs sat quietly on the couch and watched television while officers completed the search of the residence.  Ms. Fielder went outside to smoke a cigarette and then she washed her dishes. Additionally, an officer took a cigarette from Ms. Fielder to give to Tara Janas at Ms. Fielder's request.

      B.      Plaintiffs' Facts

Investigator Hays located 1467 Bosquecito Road, not the property at 1485 Bosquecito Road where the target marijuana plants were located. This separate property encompasses both the Plaintiffs' residence at 1485A Bosquecito Road and the Janas residence at 1485B Bosquecito Road.  The 911 mapping system indicates that the three addresses are in close proximity to one another.  Plaintiffs assert that they were not present in the structure with a silver-colored metal roof on the day the search warrant was executed, nor were they present in any structure located at 1467 Bosquecito Road.  Rather, Ms. Fielder has testified that the roof of her residence is made of whitish tar paper and wood. Further, the officers who approached the home during the search identified it as a "trailer" and "mobile home" rather than a "structure with a silver-colored metal roof." The aerial video recorded during Investigator Hays' search for marijuana plants revealed that the house is gray or white, not metallic, and with a section of brown-colored wood. While

the search warrant was being executed, Investigator Hays did not provide the search warrant to Plaintiffs despite a request for it. When officers entered Plaintiffs' residence, they yelled at Ms. Amon to get on the ground while brandishing their weapons. One of the officers shoved Ms. Amon to the ground and handcuffed her. The officers instructed Ms. Fielder to sit on the couch while Ms. Amon remained on the ground in handcuffs. Video evidence of the officer's lapel camera shows that Officer Dominguez entered Plaintiffs' residence with his weapon drawn and was in the group of officers that yelled at Ms. Amon to get on the ground. Plaintiffs assert that testimony and video evidence sufficiently establishes a dispute of fact that Ms. Amon was put on the ground and handcuffed, and Officer Dominguez saw these events occur. Additionally, Officer Dominguez did not merely inadvertently cause a room-divider curtain to become detached, but irreparably ripped the curtain. Further, Officer Serna saw Ms. Amon suffer in pain and conducted a pat-down of Ms. Amon, eventually removing handcuffs from Ms. Amon's wrists after several minutes. Similarly, Officer Serna entered Plaintiffs' residence with her weapon drawn. Ms. Fielder informed Officer Serna that her weapon was rubbing against Ms. Amon during the pat-down, but Officer Serna nonetheless continued to search Ms. Amon. Finally, Plaintiffs dispute that Ms. Amon suffered only *de minimis*, if any, injury. Rather, Ms. Amon was shoved to the floor and handcuffed, searched in a way that caused a loaded rifle to rub against her, and suffered emotional trauma as a result of the incident.

## LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving

party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted). Once the movant meets this burden, Rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. A mere "scintilla" of evidence will not avoid summary judgment. *See Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). Rather, there must be sufficient evidence on which the fact finder could reasonably find for the non-moving party. *See Anderson*, 477 U.S. at 251.

That said, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999).

## DISCUSSION

The State Defendants present two main arguments as to why their Motion for Summary Judgment should be granted: Plaintiffs' 42 U.S.C. § 1983 claims should be dismissed on the basis of probable cause for the search and on qualified immunity grounds, and Plaintiffs' state

the tort claims should be dismissed on the basis of Plaintiffs' failure to establish a genuine issue of material fact.  The Court addresses each argument in turn.

**A.       § 1983 Claims**

The State Defendants first argue that Plaintiffs cannot meet their burden of showing that the conduct of Investigator Hays, Officer Dominguez, and Officer Serna violated the Plaintiffs' constitutional rights, and their burden of showing that it would be clear to a reasonable officer that his or her conduct was unlawful under the circumstances.  As to Investigator Hays, the State Defendants reiterate the steps he took in order to determine the location of the subject property and the proper address. The State Defendants argue that the search warrant and affidavit prepared by Investigator Hays were clear and accurate in describing the property to be searched and described with sufficient particularity the premises to be searched.  As to Officer Dominguez and Officer Serna, there is no law clearly establishing that an officer, as one of multiple team members assisting in the execution of a warrant, has a duty to read the warrant or affidavit or assess whether handcuffed detention was justified.  *See Wigley v. City of Albuquerque*, 567 F. App'x 606, 610 (10th Cir. 2014).  Additionally, a warrant to search for contraband founded on probable cause carries with it the limited authority to detain the occupants of the premises while a proper search is conducted.  *See Michigan v. Summers*, 452 U.S. 692, 705 (1981).  In *Summers*, the Supreme Court relied on three law enforcement interests that justified detaining a resident during the execution of a warrant to search for narcotics: (1) preventing flight in the event that incriminating evidence is found; (2) minimizing the risk of harm to the officers; and (3) facilitating the orderly completion of the search.  *See id*. at 702–03. Thus, the State Defendants conclude that all three State Defendants are entitled to summary judgment on the basis of

qualified immunity with regard to the Fourth Amendment claims in Plaintiffs' First Amended Complaint.

As to the excessive force claims, the State Defendants argue that inherent in the authority to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention. *See Muehler v. Mena*, 544 U.S. 93, 98–99 (2005). The reasonableness of the use of force must be judged from the perspective of a reasonable officer at the scene, and should take into consideration the split-second judgments that police officers are often forced to make. *See id*. at 108–09. In this case, Ms. Amon alleges that a short Hispanic male officer shoved her to the ground and handcuffed her. The State Defendants argue that Officer Dominguez, who is six feet and nine inches, could not have been the described individual. Further, while Officer Serna did conduct a brief pat-down search of Ms. Amon, Officer Serna's rifle and handgun were never pointed at anyone. Finally, while a sheet on a doorway apparently became loose, the State Defendants argue that there was no damage to the sheet and that Deputy Armijo replaced the sheet to its original position. The State Defendants conclude that Investigator Hays and Officer Dominguez did not lay hands on Ms. Amon and therefore are entitled to summary judgment with regard to the excessive force claim. Plaintiffs' claim as to Officer Serna is that her rifle allegedly brushed up against Ms. Amon while the pat-down search was conducted. As Officer Serna had her rifle in its sling with the safety mechanism engaged, and never pointed her weapon at Ms. Amon, nothing that Officer Serna did constitutes excessive force. Additionally, a claim of excessive force must be greater than *de minimis*. Plaintiffs have only alleged that Ms. Amon suffered emotional trauma from the search. The State Defendants conclude that Ms. Serna is therefore also entitled to summary judgment.

Plaintiffs' response to the State Defendants' argument regarding the Fourth Amendment claims has three prongs: (1) the search warrant was invalid as to Plaintiffs' residence; (2) the invasion of their home without a valid warrant violated their constitutional rights; and (3) these constitutional rights were clearly established at the time of the search. Plaintiffs argue that the search warrant in this case contained numerous flaws, including conflating multiple different addresses. Investigator Hays had to show probable cause for each residence included in the warrant and failed to do so. Even if the officers did not have actual knowledge that there was more than one residence, the test is whether they should have known that the area was not a one-family home. *See United States v. Votteller*, 544 F.2d 1355, 1364 (6th Cir. 1979). Plaintiffs argue that Investigator Hays should have known there were multiple residences on the property, and actually did know, as he identified two residences on the property upon beginning the initial surveillance. Additionally, Officer Dominguez and Officer Serna knew they were executing a flawed warrant because Investigator Hays advised them that they were searching a property at "1886 Pueblitos Road," yet they turned onto a road marked "Bosquecito Road." Plaintiffs argue that officers were briefed that they were entering a property in which marijuana plants were located within a fenced yard east of the residence, where the residence was stucco-colored with a green metal roof. Officer Dominguez and/or Officer Serna learned this information and, therefore, they had no justification for entering Plaintiffs' home, or the briefing included so little information that a reasonably well-trained officer would know the briefing was insufficient. *See United States v. Leary*, 846 F.2d 592, 609 (10th Cir. 1988). Plaintiffs conclude that Investigator Hays has no claim to qualified immunity because the evidence demonstrates that he knew prior to drafting his affidavit that the property he wished to search had multiple residences, but he failed to obtain the proper addresses and correct coordinates. Officer Dominguez and Officer

Serna have no claim to qualified immunity, as they knew before they entered Plaintiffs' home that it was a separate residence, but chose to enter anyway. Therefore, none of the State Defendants should be granted qualified immunity.

As to the excessive force claim, Plaintiffs argue that because Ms. Amon was neither the target of the investigation nor the suspect of any crimes, the force employed against her was greater than reasonably necessary, causing her to suffer significant emotional trauma. *See Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1192 (10th Cir. 2001). Whether or not the State Defendants personally committed the acts Plaintiffs have alleged, they may still be liable because they were present but did not intervene when their fellow officers used wrongful force. *See Smith v. Kenny*, 678 F. Supp. 2d 1093, 1111 (D.N.M. 2009). Regardless, Plaintiffs have demonstrated that Officer Dominguez and Officer Serna personally pointed their weapons at Ms. Amon and that Officer Serna searched Ms. Amon in a needlessly traumatizing way. Therefore, Plaintiffs argue they have stated a claim for excessive force.

At the outset, the Court finds that the search warrant and affidavit prepared by Investigator Hays were clear and accurate in describing the property to be searched and described with sufficient particularity the premises to be searched. The search warrant affidavit stated that the search was to include "a stucco colored residence with a green colored metal roof." This clearly refers to the Janas residence, next to which the marijuana plants were found. The search warrant affidavit also includes in the search "another structure with a silver colored metal roof located west of the residence." The Court finds that this clearly refers to the Plaintiffs' residence. The aerial surveillance video, lapel camera video, and aerial photography of the property all clearly indicate that Plaintiffs' residence is directly adjacent to the Janas' residence. While Plaintiffs contend that their roof is made of whitish tar paper and wood, after reviewing

the aerial surveillance video, the Court finds that given the distance from the building necessarily required while conducting surreptitious aerial surveillance, Investigator Hays accurately described the building in which Plaintiffs resided and the search warrant clearly included the house in question. From his aerial vantage point, Investigator Hays could not have known whether Plaintiffs' residence was an outbuilding or whether it was a residence. Thus, the Court finds that the search warrant described Plaintiffs' residence with sufficient particularity.

The Court additionally finds that Plaintiffs have failed to establish that either Officer Dominguez or Officer Serna personally participated in obtaining the search warrant. Because the search warrant was properly obtained and sufficiently described Plaintiffs' residence, Officer Dominguez and Officer Serna did not have an independent duty to examine the search warrant, as assisting officers are entitled to rely in good faith that the warrant is valid. *See Jenkins v. Wood*, 81 F.3d 988, 995–96 (10th Cir. 1996). While Investigator Hays may have told Officer Dominguez and Officer Serna that the warrant was for a property located at 1886 Pueblitos Road, the Court does not find this to be strong evidence for the proposition that either the State Defendants or the County Defendants were searching a property other than the one described in the search warrant. Given the rural nature of the area and the lack of a displayed address on the driveway leading to the property, the State Defendants were not given specific notice that they were entering the incorrect property. Regardless, it is clear from the discovery of marijuana behind the Janas residence that officers *were* at the correct property described by the search warrant. Therefore, the Court finds that the State Defendants are entitled to summary judgment on the basis of qualified immunity with regard to the Fourth Amendment claims in Plaintiffs' First Amended Complaint.

Turning to Plaintiffs' excessive force claim, the Court finds that Plaintiffs cannot

establish the two-part burden to overcome the defense of qualified immunity. Plaintiffs must show that the State Defendants both violated a constitutional right and that those rights were clearly established. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). Plaintiffs have not shown that the State Defendants' actions violated a constitutional right. Plaintiffs have alleged that Officer Serna conducted a pat-down search of Ms. Amon and that the barrel of Officer Serna's rifle brushed against Ms. Amon. However, the Court finds that a warrant to search for contraband founded on probable cause carries with it the limited authority to detain the occupants of the premises while a proper search is conducted. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981). In this case, the officers properly obtained a warrant to search both the Janas' residence and the Plaintiffs' residence. Inherent in the authority to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention. *See Muehler v. Mena*, 544 U.S. 93, 98–99 (2005). The Court finds no evidence showing that the manner in which Ms. Amon was handcuffed constituted unreasonable force. Additionally, Officer Serna's brief pat-down search of Ms. Amon while Officer Serna's rifle was in a sling draped over her shoulder also was not unreasonable. The brief handcuffing and search of Ms. Amon were based on the legitimate law enforcement interests of preventing flight, minimizing the risk of harm to officers, and facilitating the orderly completion of the search. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981). While it apparently became clear to officers that Ms. Fielder and Ms. Amon were not the targets of the search and ultimately had no connection to the marijuana plants behind the Janas residence, at the moment the search began, officers did not possess this information. Just as in *Muehler*, the State Defendants had no way of knowing Plaintiffs' relation to the Janas residence or whether Ms. Amon had any weapons on her person, and it would be unreasonable to expect officers to spend the time necessary to determine whether

Ms. Amon was a threat before handcuffing her. *See* 544 U.S. 93, 109 (2005) (Stevens, J., concurring). Further, unlike the facts in *Muehler*, Ms. Amon was handcuffed for only a short period of time and subsequently permitted to sit on the couch unrestrained. *See id*. at 100 ("However, the 2– to 3– hour detention in handcuffs in this case does not outweigh the government's continuing safety interests."). Thus, the Court finds that Officer Serna did not violate any of Ms. Amon's constitutional rights while conducting the pat-down search or while entering the residence.

Plaintiffs have not alleged that Officer Dominguez or Investigator Hays personally participated in any restraint or pat-down search of Ms. Amon. Rather, Plaintiffs appear to proceed on a failure to intervene theory as to Officer Dominguez and Investigator Hays, in which officers have a duty to intervene when a citizen's constitutional rights are being violated in their presence. *See Smith v. Kenny*, 678 F. Supp. 2d 1093, 1111 (D.N.M. 2009). As the Court finds that no constitutional violation occurred, Officer Dominguez and Investigator Hays were under no obligation to intervene and prevent other officers from restraining Ms. Amon or conducting a pat-down search of her. Thus, the Court finds that the State Defendants are entitled to summary judgment on the basis of qualified immunity with regard to the excessive force claims.

**B.**     **State Tort Claims**

Next, the State Defendants turn to Plaintiffs' claims of battery, false imprisonment, and violation of property rights. The tort of false imprisonment occurs when a person intentionally confines or restrains another person without consent and with knowledge that he has no lawful authority to do so. *See Diaz v. Lockheed Elecs.*, 618 P.2d 372, 375–76 (N.M. Ct. App. 1980). The State Defendants argue that there is no allegation that Investigator Hays, Officer Dominguez, or Officer Serna detained the Plaintiffs. Only Officer Serna touched Ms. Amon.

The tort of battery requires that Plaintiffs demonstrate intent by Officer Serna. There is no such allegation, and Officer Serna's acts were justified and in good faith, giving the officer reasonable latitude in the use of force. *See State v. Gonzales*, 642 P.2d 210, 213 (N.M. Ct. App. 1982) (quotations omitted). Finally, the State Defendants argue that Plaintiffs cannot establish that criminal trespass occurred. Thus, the State Defendants are entitled to summary judgment on all state claims as a matter of law.

Plaintiffs argue that because the State Defendants had no probable cause to enter Plaintiffs' home based on the facially invalid search warrant, the State Defendants and other officers handcuffed Ms. Amon, forced Plaintiffs to be seated, and stood guard at the entry to their home. No reasonable person would have felt free to leave, and no person of reasonable caution would believe detention to be appropriate. Thus, the State Defendants' actions amount to false imprisonment. Additionally, Plaintiffs argues that the State Defendants' entry into Plaintiffs' home was an act of trespass. *See Montes v. Gallegos*, 812 F. Supp. 1165, 1170 (D.N.M. 1992). Finally, the State Defendants' use of excessive force against Ms. Amon creates a cause of action for battery. Both the personal conduct of the State Defendants and their duty to intervene amounts to properly alleged claims for battery.

The Court finds that the State Defendants did not participate in the execution of a facially invalid search warrant and thus, Plaintiffs cannot establish that the State Defendants engaged in conduct in violation of the New Mexico Tort Claims Act. The Court additionally agrees with the State Defendants that Plaintiffs have not asserted the intent necessary to state a valid claim of battery against Officer Serna, nor can there be there can be a valid false imprisonment or trespass claim pursuant to the execution of a valid search warrant.

## CONCLUSION

For the reasons stated herein, the Court finds that the State Defendants' Motion for Summary Judgment is well-taken, and therefore **GRANTED**.  Accordingly, Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE